UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVAYA INC.,<br><br>Plaintiff,<br><br>v.<br><br>TELECOM LABS, INC., TEAMTLI.COM CORP., CONTINUANT, INC., DOUGLAS GRAHAM, SCOTT GRAHAM AND BRUCE SHELBY,<br><br>Defendants. | Civil Action No. 06-02490 (GEB /LHG)<br><br>**CONSENT DISCOVERY ORDER** |

**THIS MATTER** having been brought jointly before the Court on the application of Archer & Greiner, P.C., counsel for Plaintiff, Avaya Inc., the parties by and through their counsel having consented to the form and entry of this Order; and for good cause shown;

IT IS on this 19th day of November 2009, **ORDERED** as follows:

1. By December 7, 2009, Defendants shall produce all responsive, non-privileged documents that have not previously been produced from the hard copy and electronic files of each of the following of Defendants' personnel: Bruce Shelby, Rick Parmiter, Jon Shelby, Tom Powers, Daniel Christenson, and Gabe Grossman. This production shall include at least one copy of each unique, responsive, non-privileged document that was not previously produced from the aforesaid files of each person and the person from whose files the document was obtained shall be designated by Defendants as the document's custodian.

2. By December 7, 2009, Defendants shall state the identity of each person listed in Annex 43, which Defendants have previously provided as part of their response to

Interrogatories 43, 44 and 45 of Avaya's Fifth Set of Interrogatories, that gave Defendants any reason for terminating or declining to enter into or renew a contractual relationship with Defendants for the maintenance of an Avaya PBX or PDS system. For each such person, Defendants shall state the following:

    (a) the reason or reasons that person gave to Defendants for terminating or declining to enter or renew a contractual relationship with Defendants;

    (b) the Bates number(s) of any documents that communicated that reason or those reasons to Defendants;

    (c) if the reason or reasons were communicated orally, (i) the identity of the person(s) to whom those reasons were communicated, (ii) the Bates number(s) of any document describing or memorializing the oral communication, (iii) the identity of all entries or data in the GoldMine or Sage databases describing or memorializing the oral communication in sufficient detail to allow Avaya to locate the entries or date in the database(s), (iv) the identity of the person who made the communication to Defendants, and (v) the date on which the oral communication was made; and

    (d) the date on which that person terminated or declined to enter into or renew a contractual relationship with Defendants, to the extent Defendants have not already stated the date.

3. By _January 29, 2010_, Defendants shall state the identity of each person that gave Defendants any reason for terminating or declining to enter into or renew a contractual relationship with Defendants for the maintenance of an Avaya PBX or PDS system. For each such person, Defendants shall state the following:

(a) the reason or reasons that person gave to Defendants for terminating or declining to enter or renew a contractual relationship with Defendants;

(b) the Bates number(s) of any documents that communicated that reason or those reasons to Defendants;

(c) if the reason or reasons were communicated orally, (i) the identity of the person(s) to whom those reasons were communicated,(ii) the Bates number(s) of any document describing or memorializing the oral communication, (iii) the identity of all entries or data in the GoldMine or Sage databases describing or memorializing the oral communication in sufficient detail to allow Avaya to locate the entries or date in the database(s), (iv) the identity of the person who made the communication to Defendants, and (v) the date on which the oral communication was made; and

(d) the date on which that person terminated or declined to enter into or renew a contractual relationship with Defendants, to the extent Defendants have not already stated the date.

4. By November 30, 2009, Defendants shall provide Avaya with access to a static copy of Defendants' Sage database and the right by license and technological ability to access and use the Sage software and the static copy of Defendants' Sage database for the duration of this litigation. The parties will attempt in good faith to resolve any technical issues that they encounter in providing Avaya with access to the Sage database.

5. By November 30, 2009, Defendants shall produce all responsive, non-privileged documents relating to Defendants' dealings and communications with OSF Healthcare System, including but not limited to (a) documents relating to Defendants' recent sales proposal to OSF Healthcare System, and (b) documents relating to the implementation of a Joint

Defense/Prosecution Agreement between OSF Healthcare System and Defendants, to any amendments or proposed amendments or modifications to this agreement, or to its present or future status.

6. By November 30, 2009, Defendants shall produce all responsive, non-privileged documents that have not previously been produced relating in any way to Food Services of America, including but not limited to (1) those documents that comprise or concern all communications relating to Food Services of America between and among Defendants, and (2) those documents that comprise or concern all communications between Defendants and Food Services of America.

7. By November 30, 2009, Defendants shall produce all responsive, non-privileged documents that have not previously been produced relating in any way to Spacelabs Healthcare, including but not limited to (1) those documents that comprise or concern all communications relating to Spacelabs Healthcare between and among Defendants, and (2) those documents that comprise or concern all communications between Defendants and Spacelabs Healthcare.

8. By November 30, 2009, Defendants shall produce all responsive, non-privileged documents that have not previously been produced, including documents reflecting any communications, relating to Mr. Bruce Shelby's efforts to collect information responsive to Avaya's Interrogatory 46 and all documents supporting Defendants' response, or state the Bates numbers of any such documents that were previously produced.

9. By November 30, 2009, Defendants shall produce all versions of the corporate Defendants' financial statements and financial spreadsheets, including those entitled or substantially similar to those entitled "Final Maintenance Doug Revenue" or "Active Maintenance Doug Revenue," that have been created or updated since Defendants' last

production of such documents. Defendants shall produce native format versions of such updated financial statements and financial spreadsheets, and of all the corporate Defendants' financial statements and financial spreadsheets that have not been previously produced in native format. Defendants shall update their production of financial statements and financial spreadsheets monthly until the close of discovery, whenever those statements or spreadsheets are updated for reasons unrelated to this litigation.

10. By November 30, 2009, Defendants shall produce redacted versions of all documents that Defendants inadvertently produced to Avaya and that Avaya subsequently returned or destroyed at Defendants' request.

11. By November 30, 2009, Defendants shall produce an updated version of Annex 27-PDS that they have previously provided as part of their response to Interrogatory 27.

12. By November 30, 2009, Defendants shall produce updated data from their ESP database.

13. By November 30, 2009, Defendants shall produce an updated version of Annex 43 that they have previously provided as part of their response to Interrogatories 43, 44 and 45 of Avaya's Fifth Set of Interrogatories.

14. By November 30, 2009, Defendants shall produce all responsive, non-privileged documents relating to Defendants' dealings with Merrill Carlson.

15. By November 30, 2009, Defendants shall produce all responsive, non-privileged documents, including documents reflecting any communications, relating to Mr. Bruce Shelby's efforts to collect information when preparing Annex 43, or identify the Bates number by which they were previously produced.

16. By November 30, 2009, Defendants shall produce the report or reports generated by Ms. Kitty Riddle that Mr. Bruce Shelby relied on when preparing Annex 43 or identify the Bates number of the report or reports that were previously produced.

17. By November 30, 2009, Defendants shall produce Mr. Rick Parmiter's proposal log and any other documents in the hard copy or electronic files of Mr. Parmiter relating to Defendants' sale of Avaya PBX maintenance. Defendants shall identify by Bates number any such document collected, reviewed or relied on by Mr. Bruce Shelby when preparing Annex 43.

*(Signatures follow)*

_____
LOIS GOODMAN
United States Magistrate Judge

The undersigned hereby agree to form and entry of the within Consent Order.

**ARCHER & GREINER,, P.C**
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff,
Avaya Inc.

By: _____
Robert T. Egan, Esq.
Trevor J. Cooney, Esq.

Dated: __11/19__, 2009

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
One Newark Center, 10th Floor
Newark, New Jersey 07102
(973) 848-4000
Attorneys for Defendants,

By: _____
Anthony P. La Rocco, Esq.
David S. Kwon, Esq.

Dated: __11/19__, 2009

7